**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| KENNETH JOHNSON, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. PX-18-3111 |
| CLIFTON J. GORDY, | * | |
| Defendant. | * | |
| | *** | |

## MEMORANDUM OPINION

Pro se plaintiff, Kenneth Johnson, a former judge of the Circuit Court for Baltimore City, filed a self-titled "Preference" against Clifton J. Gordy, a retired judge of the Circuit Court for Baltimore City, sitting by designation as a senior judge. ECF No. 1. Johnson alleges that Gordy intentionally and wrongfully failed to recuse himself from a case filed by Johnson in Circuit Court, giving rise to various common law causes of action. *Id.* Johnson further claims that Gordy's failure to recuse himself and his subsequent ruling against Johnson were motivated by animosity arising out of Johnson's representation of Gordy's ex-wife in their 1973 divorce proceedings. *Id.* Johnson asks this Court for an evidentiary hearing. *Id.*

On January 4, 2019, Gordy filed a Motion to Dismiss or, in the Alternative, for Summary Judgment. ECF No. 4. The Court notified Johnson that failure to respond to the Motion could result in dismissal of the case. ECF No. 5. Johnson did not respond. After review of the record, exhibits, and applicable law, the Court deems a hearing unnecessary. *See* Local Rule 105.6 (D. Md. 2018). For the reasons set forth below, Gordy's Motion to Dismiss is granted.

## I.       Background

The Complaint allegations stem from Gordy's decisions in Johnson's lawsuit, *Johnson v. Joseph Banick, et al.*, Circuit Court for Baltimore City, Case No. 24-C-05-001094.[1] *See* ECF No. 4-2.[2] Specifically, on June 2, 2006, Gordy had granted judgment in favor of the defendants based on Johnson's repeated discovery violations and inability to articulate the manner in which he intended to present his case-in-chief. *Id.* at 17; *see also* ECF No. 4-5 at 3-5. The Maryland Court of Special Appeals affirmed Gordy's decision in an unpublished opinion on April 11, 2007. ECF No 4-2 at 18.

Nearly seven years later, on February 5, 2014, Johnson filed suit against Gordy in the Circuit Court for Baltimore City. *See* Case No. 24-C-13-006631. In it, Johnson averred that Gordy had improperly presided over the 2006 lawsuit, thus committing "judicial malpractice," abuse of process and fraud. *See* ECF Nos. 4-3, 4-5 at 3. Following a change of venue, on July 16, 2014, the Circuit Court for Talbot County granted Gordy's motion to dismiss. *Id.* On appeal, the Maryland Court of Special Appeals affirmed the dismissal, holding that the law of the case precluded Johnson from arguing that Gordy was required to recuse himself. ECF No. 4-5 at 13.

On September 12, 2016, Johnson filed a Complaint in federal court against Gordy but failed to provide a summons form to the clerk. *Johnson v. Gordy*, Civil Action No. CCB-16-3139. On December 12, 2016, the Complaint was dismissed without prejudice. *Id.* at ECF No. 4. Johnson moved to strike the dismissal of the case, which was denied on February 24, 2018. *Id.* at ECF No. 9.

---

[1] This Court may take judicial notice of the judiciary case search records without converting the motion to a motion for summary judgment. *See Blankenship v. Manchin*, 471 F.3d 523, 526 n.1 (4th Cir. 2006).

[2] All citations to filings refer to the pagination assigned by the Court's electronic docketing system.

On May 8, 2017, Johnson again filed a Complaint in federal court against Gordy. *Johnson v. Gordy*, Civil Action No. JFM-17-1294. Although a summons issued in that case, Johnson failed to serve Gordy and, therefore, the Complaint was dismissed without prejudice on September 21, 2017. *Id.* at ECF No. 5.

On April 9, 2018, Johnson filed a third Complaint in federal court against Gordy. *Johnson v. Gordy*, Civil Action No. CCB-18-1019. Johnson attempted to serve Gordy by mailing the summons to the Maryland Attorney General,[3] but Johnson sent the unsigned form that he submitted to the Clerk instead of the signed summons that was issued by the Clerk. *See id.* at ECF No. 6. In addition, the summons did not specify the federal court in which the action was filed, nor did it include a case number or a copy of the Complaint. *See* ECF No. 4-6. By letter dated May 21, 2018, the Office of the Attorney General advised Johnson of the deficiency in service and summons. *Id.* Johnson failed to correct the deficiency and, therefore, on August 17, 2018, his third Complaint was dismissed without prejudice. Civil Action No. CCB-18-1019 at ECF No. 8.

On October 9, 2018, Johnson filed this case. ECF No. 1. After receiving the Complaint and summons, Gordy moved to dismiss the Complaint in its entirety. For the following reasons, this motion is granted.

## II.  Standard of Review

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure is to test the sufficiency of the plaintiff's complaint. *See Edwards v. Goldsboro,* 178 F.3d 231, 243 (4th Cir. 1999). Rule 8(a)(2) requires that the Plaintiff submit "a short and plain statement of the claim showing that the pleader is entitled to relief." This pleading requirement is designed to "give the defendant fair notice of what the . . . claim is and the grounds upon which it

---

[3] Under Maryland law, a judge is a state officer and service is made on the Attorney General. Md. Rule 2-124(k).

rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although the complaint need not include "detailed factual allegations," it must include more than labels and conclusions. *Id.* Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint. *Id.* However, the court need not accept factually unsupported legal allegations, *see Revene v. Charles Cty Commr's,* 882 F.2d 870, 873 (4th Cir. 1989), legal conclusions couched as factual allegations, *see Papasan v. Allain,* 478 U.S. 265, 286 (1986), or conclusory factual allegations devoid of any reference to actual events, *see United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979).

### III.    Analysis

Gordy first contends that judicial immunity bars all claims in the Complaint. Gordy is a Maryland Circuit Court Judge sued for his decisions rendered in his judicial capacity. Accordingly, Gordy is correct that this cause of action is barred by the doctrine of judicial immunity. *See Forrester v. White*, 484 U.S. 219, 226-27 (1988) ("If judges were personally liable for erroneous decisions, the resulting avalanche of suits, most of them frivolous but vexatious, would provide powerful incentives for judges to avoid rendering decisions likely to provoke such suits.").

The doctrine of judicial immunity shields judges from monetary claims brought against them in both their official and individual capacities. *Mireles v. Waco*, 502 U.S. 9, 9-10 (1991) (*per curiam*). Judicial immunity is absolute; it protects the judge from suit entirely. *Id*. at 11. Moreover, "judges of courts of superior or general jurisdiction are not liable to civil actions for their judicial acts, even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly." *Stump v. Sparkman,* 435 U.S. 349, 355-56 (1978); *see Dean*

*v. Shirer*, 547 F.2d 227, 231 (4th Cir. 1976) (stating that a judge may not be attacked for exercising judicial authority even if done improperly).

Two narrow exceptions exist to judicial immunity: (1) "for nonjudicial actions, *i.e.*, actions not taken in the judge's judicial capacity"; and (2) "for actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Mireles*, 502 U.S. at 11-12 (citing *Forrester v. White*, 484 U.S. 219, 227-29 (1988)). A judge acts in his judicial capacity when the function is one "normally performed by a judge" and when the parties "dealt with the judge in his judicial capacity." *Stump*, 435 U.S. at 362. The "relevant inquiry is the 'nature' and 'function' of the act, not the 'act itself.'" *Mireles*, 502 U.S. at 12-13 (citing *Stump*, 435 U.S. at 362). Courts thus look to an "act's relation to a general function normally performed by a judge," to determine whether the act was undertaken by the judge in his judicial capacity. *Id.* at 13.

Taking the Complaint allegations as true and most favorably to Johnson, judicial immunity applies to this case. Gordy, the presiding judge in the 2006 case, granted judgment in favor of the defendants. No facts suggest Gordy acted with complete absence of all jurisdiction or beyond the general functions of a judge in the normal course of his position. Rather, Gordy's decision is precisely the type of judicial action for which he enjoys the protection of judicial immunity. On this ground alone, the Complaint must be dismissed.

Moreover, even if Gordy were not immune from suit, Johnson's claims are time-barred. A court may dismiss a claim as pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure "when the untimeliness of the claim is plain from the face of the complaint." *Bailey-El v. Hous. Auth. of Baltimore City*, 686 F. App'x 228, 229 (4th Cir. 2017) (citations omitted). In Maryland, a civil action must be brought within three years of the date the cause of action accrues. Md. Code Ann., Cts. & Jud. Proc. § 5-101 ("A civil action at law shall be filed within three years from the

date it accrues unless another provision of the Code provides a different period of time within which an action shall be commenced."). *See Rockstroh v. A.H. Robins Co.*, 602 F. Supp. 1259, 1262 (D. Md. 1985) ("Maryland law governs the applicability of the relevant statute of limitations"). The Complaint clearly concerns Gordy's decision in Johnson's 2006 case, yet Johnson did not file this matter until well after the three-year limitation period expired. The Complaint is thus time-barred. Gordy's motion to dismiss is granted.[4]

IV. **Conclusion**

For the above-stated reasons, Gordy's motion to dismiss is GRANTED. A separate Order follows.

| | |
|---|---|
| _____3/26/19_____ | _____/S/_____ |
| Date | Paula Xinis |
| | United States District Judge |

---

[4] The Court declines to reach Gordy's alternative arguments for dismissal.